## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MARYLAND OFFICE OF PEOPLE'S COUNSEL, NEW JERSEY DIVISION OF RATE COUNSEL, ILLINOIS OFFICE OF THE ATTORNEY GENERAL<br>*Petitioners*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY<br>*Respondents*. | Petition For Review<br><br><br>CASE NO. 25-1193 |

## PETITION FOR REVIEW

Pursuant to Section 313(b) of the Federal Power Act ("FPA"),

16 U.S.C. § 825*l*(b), and Fed. R. App. P. 15(a), the Illinois Office of Attorney

General, Maryland Office of People's Counsel ("MPC") and the New Jersey

Division of Rate Counsel ("Rate Counsel") (collectively, "Joint Consumer

Advocates") hereby petition this court for review of Order No. 202-25-4 issued by

Chris Wright, Secretary, United States Department of Energy, and the United States

Department of Energy ("DOE" or the "Commission"), which was issued on May

30, 2025, (the "Eddystone Order" or "Order"). DOE issued the Eddystone Order

pursuant to section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c). Section

202(c) powers are delegated to the Secretary of Energy. Therefore, the rehearing and judicial review provisions of 16 U.S.C. § 825*l* apply to the Eddystone Order.[1]

The jurisdiction and venue of this Court are established by FPA, Section 313(b), 16 U.S. 825*l*(b). Petitioners, Illinois Office of Attorney General, MPC, and Rate Counsel, along with the Delaware Division of Public Advocate and Illinois Citizens Utility Board, all intervenors in the underlying proceeding, jointly and timely filed a request for rehearing, dated June 30, 2025, of the Order. That rehearing request was deemed denied by operation of law for lack of action within thirty days of receipt of the rehearing request on August 1, 2025.[2] Therefore, Petitioners may file this petition for review under 16 U.S.C. § 825*l*(b). Copies of the Order and Notice are attached to this petition as Exhibits A and B, respectively.

MPC is the statutory representative of the residential ratepayers of utility services in Maryland. Pursuant to Maryland Public Utility Companies Code Annotated, Section 2-205(b), the People's Counsel "may appear before any federal or state entity as necessary to protect the interests of residential . . . users of [gas, electricity or other regulated services]." MPC has participated in numerous

---

[1] *See* 42 U.S.C. § 7192(a) ("Judicial review of agency action taken under any law the functions of which are vested by law in, or transferred or delegated to the Secretary [of Energy] . . . shall, notwithstanding such vesting, transfer, or delegation, be made in the manner specified in or for such law.").

[2] *See* Exhibit B, "Notice of Denial of Law of Rehearing," United States Department of Energy (Aug. 1, 2025); 16 U.S.C. § 825*l*(a); *Allegheny Def. Project v. FERC*, 964 F.3d 1, 18–19 (D.C. Cir. 2020).

regulatory proceedings—including the DOE proceeding at issue here—at the federal and state levels and in state and federal civil court appeals of those proceedings.

Rate Counsel was authorized by the New Jersey Legislature to, among other things, "represent the public interest in any federal proceeding."[3]

The Illinois Office of Attorney General represents the People of the State of Illinois and their interest in receiving reliable electric services at the least possible cost. Illinois law provides that the Illinois Attorney General "shall have the power and duty on behalf of the people of the State to intervene in, initiate, enforce, and defend all legal proceedings on matters relating to the provision, marketing, and sale of electric . . .  service whenever the Attorney General determines that such action is necessary to promote or protect the rights and interests of all Illinois citizens, classes of customers, and users of electric . . . services."[4] In addition to this investigative and enforcement authority, the Illinois Attorney General "shall be a party as a matter of right to all proceedings, investigations, and related matters involving the provision of electric . . . services before the Illinois Commerce Commission, the courts, and other public bodies."[5] The Illinois Attorney General's office represents Illinois ratepayers in PJM's ComEd Zone who have a significant

---

[3] N.J.S.A. § 52:27EE-55.
[4] 15 ILCS 205/6.5(c).
[5] *Id.* at 6.5(d).

3

interest in resource adequacy and maintaining reliable service at least possible cost that is materially affected by the outcome of this proceeding.[6]

Joint Consumer Advocates have standing to bring this appeal because the ultimate outcome of this proceeding will have a material financial impact on Illinois, Maryland, and New Jersey residential ratepayers. The DOE mandated retainment of the Eddystone Units affects the PJM wholesale electric energy prices. Residential ratepayers in Illinois, Maryland, and New Jersey will contribute to any rate recovery Eddystone requests for continued operation in the PJM-system-operator organized and administered wholesale electric markets.

Joint Consumer Advocates respectfully request that this Court hold unlawful, vacate, and set aside the Eddystone Order, and grant such further relief as may be deemed just and proper.

[*signature page follows*]

---

[6] *See* PJM Open Access Transmission Tariff, Attachment J, PJM Transmission Zones, https://agreements.pjm.com/oatt/4443.

Respectfully submitted,

**MARYLAND OFFICE OF PEOPLE'S COUNSEL**

DAVID S. LAPP
PEOPLE'S COUNSEL

/s/ William F. Fields
William Fields
Deputy People's Counsel

Alexis H. Lewis
Assistant People's Counsel

Davids.lapp@maryland.gov
William.fields@maryland.gov
Alexis.lewis@maryland.gov
Office of People's Counsel
6 St. Paul Street, Suite 2102
Baltimore, Maryland 21202
(410) 767-8150

**NEW JERSEY DIVISION OF RATE COUNSEL**
Brian O. Lipman, Esq., Director

 /s/David Wand
T. David Wand, Esq.
**Deputy Rate Counsel**
New Jersey Division of Rate Counsel
140 East Front Street, 4th Floor
P.O. Box 003
Trenton, NJ 08625
Phone: (609) 984-1460
blipman@rpa.nj.gov
dwand@rpa.nj.gov
rglover@rpa.nj.gov
dlayugan@rpa.nj.gov

**ILLINOIS OFFICE OF THE ATTORNEY GENERAL**

/s/    Jason E. James
Jason E. James

Assistant Attorney General
Illinois Office of the Attorney General
Kimberly Janas
Counsel to the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Ph: (217) 843-0322
Email: jason.james@ilag.gov

**CORPORATE DISCLOSURE STATEMENT OF PETITIONERS**

**Maryland Office of People's Counsel** is a governmental entity that does not issue any stock and thus is not subject to the corporate disclosure statement requirement of Rule 26.1 of the Federal Rules of Appellate Procedure.

**New Jersey Division of Rate Counsel** is a governmental entity that does not issue any stock and thus is not subject to the corporate disclosure statement requirement of Rule 26.1 of the Federal Rules of Appellate Procedure.

**Illinois Office of the Attorney General** is a governmental entity that does not issue any stock and thus is not subject to the corporate disclosure statement requirement of Rule 26.1 of the Federal Rules of Appellate Procedure.

Respectfully submitted,

**MARYLAND OFFICE OF PEOPLE'S COUNSEL**

DAVID S. LAPP
PEOPLE'S COUNSEL

/s/ William F. Fields
William Fields
Deputy People's Counsel

Alexis H. Lewis
Assistant People's Counsel

Davids.lapp@maryland.gov
William.fields@maryland.gov
Alexis.lewis@maryland.gov
Office of People's Counsel

6 St. Paul Street, Suite 2102
Baltimore, Maryland 21202
(410) 767-8150

**NEW JERSEY DIVISION OF RATE
COUNSEL**
Brian O. Lipman, Esq., Director

 /s/David Wand
T. David Wand, Esq.
**Deputy Rate Counsel**
New Jersey Division of Rate Counsel
140 East Front Street, 4th Floor
P.O. Box 003
Trenton, NJ 08625
Phone: (609) 984-1460
blipman@rpa.nj.gov
dwand@rpa.nj.gov
rglover@rpa.nj.gov
dlayugan@rpa.nj.gov

**ILLINOIS OFFICE OF THE ATTORNEY
GENERAL**

/s/      Jason E. James
Jason E. James

Assistant Attorney General
Illinois Office of the Attorney General
Kimberly Janas
Counsel to the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Ph: (217) 843-0322
Email: jason.james@ilag.gov

## CERTIFICATE OF SERVICE

Pursuant to Rule 15(c) of the Fed. R. App. P., I hereby certify that on

September 25, 2025, an electronic copy of the foregoing Petition was filed with the

Clerk of Court for the United States Court of Appeals for the District of Columbia

Circuit using the appellate CM/ECF system, and service was accomplished on all

parties on the service list for Order 202-25-3 via first-class mail and email:

Respectfully submitted,

/s/ Alexis H. Lewis
Alexis H. Lewis

Assistant People's Counsel
Office of People's Counsel
6 St. Paul Street, Suite 2102
Baltimore, Maryland 21202
(410) 767-8150
D.C. Circuit Bar #66403

**EXHIBIT A**

**ORDER**

# Order No. 202-25-4

Pursuant to the authority vested in the Secretary of Energy by section 202(c) of the Federal Power Act (FPA), 16 U.S.C. § 824a(c), and section 301(b) of the Department of Energy Organization Act, 42 U.S.C. § 7151(b), and for the reasons set forth below, I hereby determine that an emergency exists in portions of the electricity grid operated by PJM Interconnection (PJM) due to a shortage of facilities for the generation of electric energy, resource adequacy concerns, and other causes, and that issuance of this Order will meet the emergency and serve the public interest.

## *Emergency Situation*

PJM has recently stated its system faces "growing resource adequacy concern" due to load growth, the retirement of dispatchable resources, and other factors.[1] Upcoming retirements, including the planned retirement of Unit 3 and Unit 4 of the Eddystone Generating Station in Eddystone, Pennsylvania, will exacerbate these resource adequacy issues.

PJM indicates that resource constraints could exist within the service territory under peak load conditions, stating that "available generation capacity may fall short of required reserves in an extreme planning scenario."[2] In its February 2023 assessment "*Energy Transition in PJM: Resource Retirements, Replacements & Risks,*" PJM highlights the increasing risk of reliability risk in the coming years due to the "potential timing mismatch between resource retirements, load growth and the pace of new generation entry" under "low new entry" scenarios for renewable generation.[3]

In December 2024, PJM filed revisions with the Federal Energy Regulatory Commission (FERC) to Part VII of its Open Access Transmission Tariff, known as the Reliability Resource Initiative (RRI), to address near-term resource adequacy concerns. In a February 2025 order, FERC accepted the revisions and found "the possibility of a resource adequacy shortfall driven by significant load growth, premature retirements, and delayed new entry."[4] In March 2025 congressional testimony, PJM found "a growing resource adequacy concern" due to a combination of load growth, the retirement of dispatchable resources, and other factors.[5] Through 2030, PJM anticipates reliability risk from increasing electricity demand, generator retirement outpacing new resource construction, and characteristics of resources in PJM's interconnection queue.[6]

---

[1] https://www.pjm.com/-/media/DotCom/library/reports-notices/testimony/2025/20250325-asthana-testimony-us-house-subcommittee-on-energy.pdf
[2] https://insidelines.pjm.com/pjm-summer-outlook-2025-adequate-resources-available-for-summer-amid-growing-risk/
[3] https://www.pjm.com/-/media/DotCom/library/reports-notices/special-reports/2023/energy-transition-in-pjm-resource-retirements-replacements-and-risks.ashx
[4] https://elibrary.ferc.gov/eLibrary/filelist?accession_number=20250211-3120
[5] https://www.pjm.com/-/media/DotCom/library/reports-notices/testimony/2025/20250325-asthana-testimony-us-house-subcommittee-on-energy.pdf
[6] Ibid.

Constellation Energy owns the Eddystone Generating Station, which includes Unit 3 and Unit 4, each of which has a nameplate capacity of 380 MW. Units 3 and 4 have a planned retirement date of May 31, 2025. The retirement of these units would further decrease available dispatchable generation within PJM's service territory.

Pursuant to Executive Order 14262, *Strengthening the Reliability and Security of the United States Electric Grid* (EO 14262), DOE is developing a methodology to identify current and anticipated reserve margins for all regions of the bulk-power system regulated by the Federal Energy Regulatory Commission. EO 14262 requires this methodology to be published by July 7, 2025, and be used to establish a protocol to identify which generation resources within a region are critical to system reliability and prevent identified generation resources from leaving the bulk-power system. DOE plans to use this methodology to further evaluate Eddystone Units 3 and 4.

*ORDER*

Given the emergency nature of resource adequacy concerns, the declared state of national energy emergency, the responsibility of PJM to ensure maximum reliability on its system, and the ability of PJM to identify and dispatch generation necessary to meet load requirements, I have determined that, under the conditions specified below, operational availability and economic dispatch of the aforementioned Eddystone Units 3 and 4 (Eddystone Units) is necessary to best meet the emergency and serve the public interest for purposes of FPA section 202(c). This determination is based on, among other things:

- The emergency nature of the potential load stress due to aforementioned resource adequacy concerns, and the potential loss of power to homes and local businesses in the areas that may be affected by curtailments, presenting a risk to public health and safety.
- The potential shortage of electric energy, shortage of facilities for the generation of electric energy, and other causes in the region support the need for the Eddystone Units to contribute to system reliability.
- PJM's responsibility to ensure maximum reliability on its system, and, with the authority granted in this Order, its ability to identify and dispatch generation, including the Eddystone Units, necessary to meet the load demands.

This Order is limited in duration to align with the anticipated emergency circumstances. Because the additional generation may result in a conflict with environmental standards and requirements, I am authorizing only the necessary additional generation on the conditions contained in this Order, with reporting requirements as described below.

FPA section 202(c)(2) requires the Secretary of Energy to ensure that any 202(c) order that may result in a conflict with a requirement of any environmental law be limited to the "hours necessary to meet the emergency and serve the public interest, and, to the maximum extent practicable," be consistent with any applicable environmental law and minimize any adverse

environmental impacts. To minimize adverse environmental impacts, this Order limits operation of dispatched units to the times and within the parameters determined by PJM for reliability purposes.

Based on my determination of an emergency set forth above, I hereby order:

A. From the time this Order is issued on May 30, 2025, PJM and Constellation Energy shall take all measures necessary to ensure that Eddystone Units are available to operate. For the duration of this order, PJM is directed to take every step to employ economic dispatch of the units to minimize cost to ratepayers. Following conclusion of this Order, sufficient time for orderly ramp down is permitted, consistent with industry practices. Constellation Energy is directed to comply with all orders from PJM related to the availability and dispatch of the Eddystone Units.

B. To minimize adverse environmental impacts, this Order limits operation of dispatched units through the expiration of the Order. PJM shall provide a daily notification to the Department (via AskCR@hq.doe.gov) reporting whether the Eddystone Units have operated in compliance with the allowances contained in this Order.

C. All operation of the Eddystone Units must comply with applicable environmental requirements, including but not limited to monitoring, reporting, and recordkeeping requirements, to the maximum extent feasible while operating consistent with the emergency conditions. This Order does not provide relief from any obligation to pay fees or purchase offsets or allowances for emissions that occur during the emergency condition or to use other geographic or temporal flexibilities available to generators.

D. By June 15, 2025, PJM is directed to provide the Department of Energy (via AskCR@hq.doe.gov) with information concerning the measures it has taken and is planning to take to ensure the operational availability of the Eddystone Units consistent with the public interest. PJM shall also provide such additional information regarding the environmental impacts of this Order and its compliance with the conditions of this Order, in each case as requested by the Department of Energy from time to time.

E. In addition, PJM and Constellation Energy are directed to file with the Federal Energy Regulatory Commission any tariff revisions or waivers necessary to effectuate this order. Rate recovery is available pursuant to 16 U.S.C. § 824a(c).

F. This Order shall not preclude the need for the Eddystone Units to comply with applicable state, local, or Federal law or regulations following the expiration of this Order.

G. This Order shall be effective upon its issuance, and shall expire at 5:03 PM EDT on August 28, 2025, with the exception of the reporting requirements in paragraph D.

H.  Issued in Simi Valley, California, at 5:03 PM Eastern Daylight Time on this 30th day of May 2025.


_____

Chris Wright
Secretary of Energy

**EXHIBIT B**

**NOTICE**

# UNITED STATES OF AMERICA
# Department of Energy
Washington, DC 20585

PJM Interconnection, L.L.C.                                        Order No. 202-25-4A
and Constellation Energy Corporation
Regarding the Eddystone Generating Station


## NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND PROVIDING FOR FURTHER CONSIDERATION
(August 1, 2025)

Rehearing has been timely requested of the Department of Energy's order issued on May 30, 2025, in the above-captioned matter.[1] Thirty (30) days having passed from the date on which rehearing requests were filed, the requests for rehearing are deemed denied by operation of law.[2]

As provided in 16 U.S.C. § 825*l*(a) and 16 U.S.C. § 824a(c), the requests for rehearing of the above-cited order may be addressed in a future order.[3]


_____
Chris Wright
Secretary of Energy


---

[1] *PJM Interconnection, L.L.C., and Constellation Energy Corp.*, Order No. 202-25-4 (2025) (regarding the Eddystone Generating Station).
[2] 16 U.S.C. § 825*l*(a).
[3] 16 U.S.C. § 825*l*(a) (DOE may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper); 16 U.S.C. § 824a(c) (DOE may issue a supplemental order).