IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MARYLAND OFFICE OF PEOPLE'S COUNSEL, NEW JERSEY DIVISION OF RATE COUNSEL, and ILLINOIS OFFICE OF THE ATTORNEY GENERAL, | |
| *Petitioners*, | Case No. 25-1193 |
| v. | |
| UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY, | *Consolidated with*  Case No. 25-1194 |
| *Respondents*. | |

**MOTION FOR LEAVE TO INTERVENE OF**
**CONSTELLATION ENERGY GENERATION, LLC**

Pursuant to Rules 15(d) and 27 of the Federal Rules of Appellate Procedure and Rule 15(b) of the Circuit Rules for the U.S. Court of Appeals for the District of Columbia Circuit, Constellation Energy Generation, LLC ("Constellation") respectfully moves for leave to intervene in the above-captioned proceedings. Constellation is the owner of the generation facilities that are subject to the order of the Secretary of Energy that is the subject of the Petitions for Review. In particular, the Petitions concern Order No. 202-25-4, issued by the Secretary of Energy on May 30, 2025 ("DOE Order"). Pursuant to Rule 15(b) of this Court, Constellation

understands that its motion for leave to intervene in these cases will also be deemed a motion to intervene in all cases before this Court challenging the same agency order. In support of this motion, Constellation states as follows:

1. Constellation is subject to the DOE Order that is challenged in the Petitions for Review. That order determined that "an emergency exists in portions of the electricity grid operated by PJM Interconnection (PJM) due to a shortage of facilities for the generation of electric energy, resource adequacy concerns, and other causes," and it required Units 3 and 4 of the Eddystone Generating Station ("Eddystone") to remain operational despite their planned retirement. DOE Order at 1, 3. Constellation is the owner and operator of Eddystone Units 3 and 4. Accordingly, the DOE Order was directed to Constellation (as well as PJM) and ordered the company to "take all measures necessary to ensure that Eddystone Units are available to operate." *Id*. at 3.

2. Located near Philadelphia, Pennsylvania, Eddystone Units 3 and 4 are oil- and gas-fired generator units, each with a generating capacity of 380 MW. Prior to issuance of the DOE Order, Constellation had planned to retire Eddystone Units 3 and 4 on or about May 31, 2025.

2

3. This Court should grant Constellation's motion to intervene.[1] Constellation has a direct and substantial interest in the generating units whose continued operation is at issue in these proceedings, and that interest could be impaired by these matters if Constellation is not allowed to intervene. Moreover, the existing parties cannot adequately represent Constellation's interests in these proceedings. Additionally, this motion was timely filed and will not prejudice any party.

4. Constellation has a direct interest in these matters because the DOE Order relates to generating units that Constellation owns and operates. The DOE Order directed Constellation to take measures to ensure Eddystone Units 3 and 4 remained available to operate while that order was in effect—measures that Constellation has duly taken, incurring substantial costs to do so. Constellation also remains subject to a subsequent order from the Secretary of Energy that directed the

---

[1] Federal Rule of Appellate Procedure 15(d) requires a "concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). In considering appellate intervention, courts may also consider factors relevant to intervention in the district court pursuant to Rule 24 of the Federal Rules of Civil Procedure. *E.g., Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022). Those factors include (1) an "interest relating to the property or transaction that is the subject of the action"; (2) whether the movant is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; (3) whether "existing parties adequately represent that interest"; and (4) whether the motion is timely filed. Fed. R. Civ. P. 24(a)(2); *see, e.g., Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1233 (D.C. Cir. 2018).

3

continued availability of Eddystone Units 3 and 4 through November 26, 2025.[2] If Constellation is denied intervention, these appeals could result in determinations being made regarding the orders requiring the continued operation of Eddystone Units 3 and 4 without input from the company that owns and operates those units.

5. The existing parties to these appeals cannot adequately represent Constellation's interests in these proceedings. Constellation is the sole owner and operator of Eddystone Units 3 and 4, and no other party can adequately represent and protect the direct and unique interests of the owner and operator of those units.

6. Constellation's intervention will not prejudice any party to the proceedings. In accordance with Rule 15(d) of the Federal Rules of Appellate Procedure, this motion is being submitted within 30 days after the Petitions for Review were filed with the Court.

7. Pursuant to Rule 26.1 of this Court and Rule 26.1 of the Federal Rules of Appellate Procedure, Constellation is submitting a Corporate Disclosure Statement with this motion.

WHEREFORE, Constellation respectfully moves the Court for leave to intervene in these proceedings, with the right to participate fully in all aspects of the proceedings.

---

[2] Dep't of Energy, Order No. 202-25-8 (issued Aug. 27, 2025), https://www.energy.gov/sites/default/files/2025-08/202c%20Order%20No.%20202-25-8.pdf.

Dated: October 27, 2025

Respectfully submitted,

/s/ *Zachary C. Schauf*

Zachary C. Schauf
Juliana Brint
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Constellation Energy Generation, LLC*

5

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MARYLAND OFFICE OF PEOPLE'S COUNSEL, NEW JERSEY DIVISION OF RATE COUNSEL, and ILLINOIS OFFICE OF THE ATTORNEY GENERAL,<br><br>                  *Petitioners*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY,<br><br>                  *Respondents*. | Case No. 25-1193<br><br>*Consolidated with*<br><br>Case No. 25-1194 |

**CORPORATE DISCLOSURE STATEMENT OF
CONSTELLATION ENERGY GENERATION, LLC**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 15(c)(6) and 26.1 of the Circuit Rules of this Court, Constellation Energy Generation, LLC ("Constellation") submits the following corporate disclosure statement:

Constellation is one of the largest competitive power generators in the country and currently owns approximately 32,000 MW of generating capacity throughout the United States, including the Eddystone Generating Station. Constellation is a direct, wholly owned subsidiary of Constellation Energy Corporation. Constellation

Energy Corporation is a publicly traded corporation (NASDAQ: CEG). Constellation Energy Corporation has no parent company. Based on public information, the Vanguard Group, Inc. ("Vanguard") owns approximately more than 10% of Constellation Energy Corporation's common stock. Constellation has no knowledge as to the exact amount of outstanding shares of Constellation Energy Corporation that Vanguard currently holds as of the date of this filing and, to the best of its knowledge, no other entity owns more than 10% of the common shares of Constellation Energy Corporation.

/s/ *Zachary C. Schauf*
Zachary C. Schauf
Juliana Brint
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Constellation Energy Generation, LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies:

1. This document complies with the word limit Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 825 words.

2. This document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: October 27, 2025                                 */s/ Zachary C. Schauf*
                                                                         Zachary C. Schauf

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Leave to Intervene was served on all parties in Case Nos. 25-1193 and 25-1194 on October 27, 2025, via the Court's CM/ECF system, which sends automatic notification to counsel of record via email.

*/s/ Zachary C. Schauf*
Zachary C. Schauf