NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1193, 25-1194, 25-1287, 25-1288 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ILLINOIS OFFICE OF ATTORNEY GENERAL, et al.,
*Petitioners*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

Petition for Review of United States Department of Energy Orders
Nos. 202-25-4 & 202-25-8

**MOTION FOR ABEYANCE**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT LUNDMAN
KYLE GLYNN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
rebecca.jaffe@usdoj.gov

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

**A.     Parties and Amici**

Petitioners in case Nos. 25-1193 and 25-1287 are the Illinois Office of Attorney General, Maryland Office of People's Counsel, and New Jersey Division of Rate Counsel.   Petitioners in case Nos. 25-1194 and 25-1288 are Natural Resources Defense Council, Citizens for Pennsylvania's Future, Environmental Defense Fund, and Sierra Club.

Respondents are Chris Wright, Secretary of the United States Department of Energy, and the United States Department of Energy.

Intervenor is Constellation Energy Generation, LLC.

Amici in support of Petitioners are Joshua C. Macey, Yale Law School; Joel B. Eisen, University of Richmond School of Law; Sharon B. Jacobs, Berkeley School of Law; Alexandra B. Klass, University of Michigan Law School; Felix Mormann, Texas A&M University School of Law; David Owen, University of California College of the Law, San Francisco; Ari Peskoe, Harvard Law School; Shelley Welton, University of Pennsylvania Carey Law School; and Hannah Wiseman, Penn State Dickinson Law.

PJM Interconnection, L.L.C., has notified Respondents that it intends to file an amicus brief in support of Respondents.

**B. Rulings Under Review**

Petitioners challenge Department of Energy Orders No. 202-25-4 (Eddystone 1), which was issued on May 30, 2025, and No. 202-25-8 (Eddystone 2), which was issued on August 27, 2025.

**C. Related Cases**

Under Circuit Rule 28(a)(1)(C), this case is related to *NRDC v. Dep't of Energy*, No. 26-1026 (D.C. Cir.) (Eddystone 3), which is in abeyance pending the result in this case.

/s/ *Rebecca Jaffe*
REBECCA JAFFE

Counsel for Federal Respondents

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED
CASES ................................................................................ ii

TABLE OF CONTENTS ................................................................iv

INTRODUCTION ...............................................................................1

BACKGROUND ................................................................................1

I.     The Campbell 1 petitions for review ................................................1

II.    The Eddystone 1 and 2 petitions for review ....................................3

ARGUMENT ....................................................................................4

CONCLUSION ..................................................................................6

CERTIFICATE OF COMPLIANCE ...................................................8

## INTRODUCTION

Federal Respondents U.S. Department of Energy and Secretary of Energy Chris Wright respectfully move to hold these cases in abeyance until the mandate issues in *People of the State of Michigan v. United States Department of Energy* (*Campbell 1*), Nos. 25-1159, 25-1160, 25-1162, which was argued before this Court on May 15, 2026. *Campbell 1* concerns questions of extraordinary importance regarding the Secretary's emergency authority under the Federal Power Act to protect the Nation's power grid. And the above-captioned consolidated cases (Nos. 25-1193, 25-1194, 25-1287, 25-1288) involve similar legal and factual issues to *Campbell 1*. An abeyance pending the mandate in *Campbell 1* will thus promote judicial economy.

Federal Respondents solicited but were unable to obtain the State Petitioners' position. The Public Interest Organization Petitioners oppose an abeyance and will file a response. Intervenor Constellation Energy takes no position.

## BACKGROUND

### I. The Campbell 1 petitions for review

In May 2025, the Secretary of Energy issued Order No. 202-25-3 (Campbell 1) under Section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c), because he determined that an emergency exists in portions of the Midwest "due to a shortage of electric energy, a shortage of facilities for the generation of electric

1

energy, and other causes." Campbell 1 at 1. The Secretary thus ordered the J.H. Campbell coal-fired power plant in Michigan, which was scheduled to close on May 31, 2025, to continue operating for 90 days. Campbell 1 at 1.

In July 2025, various organizations and the States of Michigan, Minnesota, and Illinois petitioned the Court to review Campbell 1 in case Nos. 25-1159, 25-1160, 25-1162 (consolidated).[1] Those cases have been fully briefed. On May 15, 2026, this Court heard oral argument. The issues in *Campbell 1* include the meaning of emergency under Section 202(c), the scope of the Secretary's authority to identify an emergency and determine the best response, and whether substantial evidence supported the Secretary's order. *Campbell 1* DOE Response Br. 4-5, States Br. 3-4, Organizations Br. 3-4; *see also* https://www.youtube.com/watch?v=3WSQO8UxkyA (*Campbell 1* argument recording).

Petitions for review of the Secretary's orders postdating Campbell 1 but also requiring the Campbell plant to remain available have been held in abeyance pending *Campbell 1*'s resolution. *See Sierra Club v. Dep't of Energy*, Nos. 25-1198, 25-1202, 25-1254 (D.C. Cir.) (consolidated) (Campbell 2); *Sierra Club v. Dep't of Energy*, Nos. 26-1024, 26-1025, 26-1028 (D.C. Cir.) (consolidated) (Campbell 3).

---

[1] The organizations include the Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, the Ecology Center, and Urban Core Collective.

**II.    The Eddystone 1 and 2 petitions for review**

On May 30, 2025, the Secretary of Energy issued Order No. 202-25-4 (Eddystone 1) under Section 202(c) of the Federal Power Act.  In that order, the Secretary determined that an emergency exists in portions of the electricity grid operated by PJM Interconnection "due to a shortage of facilities for the generation of electric energy, resource adequacy concerns, and other causes."  Eddystone 1 at 1.  The Secretary therefore ordered units 3 and 4 of the Eddystone Generating Station (Eddystone Units)—which were scheduled to retire on May 31, 2025—to continue to operate.  Eddystone 1 at 2.  The Secretary directed continued availability of the Eddystone Units in subsequent 202(c) orders, No. 202-25-8 (Eddystone 2), No. 202-25-10 (Eddystone 3), and No. 202-26-17 (Eddystone 4), upon determining that the emergency conditions necessitating the issuance of Eddystone 1 were still present. Eddystone 2 at 2; Eddystone 3 at 2; Eddystone 4 at 3.

Various states and public interest organizations (including, like in *Campbell 1*, Natural Resources Defense Council, Environmental Defense Fund, and Sierra Club) petitioned this Court to review the Eddystone orders.  This Court consolidated the Eddystone 1 and 2 cases and held Eddystone 3 in abeyance pending the outcome in Eddystone 1 and 2.

Petitioners filed their joint opening brief on May 8, 2026, and Federal Respondents' response brief is due on July 17, 2026.  In their statement of the issues

in their opening brief, Petitioners questioned whether Eddystone 1 and 2 violated Section 202(c) of the Federal Power Act because the Secretary allegedly exceeded his authority by failing to identify an emergency within the meaning of the Act and allegedly failed to support his emergency determination and remedy with substantial evidence.  Opening Br. 6.

## ARGUMENT

The Court should hold the above-captioned cases in abeyance until the mandate issues in *Campbell 1* because *Campbell 1* involves similar issues of extraordinary importance regarding the interpretation of Section 202(c) and the evidence required to support an emergency's existence.  A decision in *Campbell 1* will help guide the resolution of this case, and it will be more efficient to address the *Campbell 1* decision in the remaining briefs to be filed in this case rather than in supplemental briefing.

"A court has inherent power to stay proceedings in control of its docket." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (cleaned up); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting a court's "broad discretion to stay proceedings as an incident to its power to control its own docket").  "[T]he primary reason for holding a case in abeyance is to promote judicial economy."  *Utah by & through Cox v. Env't Prot. Agency*, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (Rao, J., statement).  The Court has held cases in abeyance "when the court is simply

waiting for further developments," such as "the decision of a related case that seemed poised to resolve a central issue." *Ctr. for Biological Diversity v. Env't Prot. Agency*, 56 F.4th 55, 79 (D.C. Cir. 2022) (Rao, J., dissenting, citing examples); *see also Nat'l Lab. Rels. Bd. v. Sw. Reg'l Council of Carpenters*, 826 F.3d 460, 461 (D.C. Cir. 2016) (noting case was held "in abeyance pending the Supreme Court's consideration" of a related issue). This Court often orders abeyances "in light of other pending proceedings that may affect the outcome of the case before [it]." *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008); *see also Canadian Ass'n of Petroleum Producers v. FERC*, 308 F.3d 11, 14 (D.C. Cir. 2002) (noting that Court "held the briefing in this case in abeyance" pending a related challenge which, after it was decided, led the Petitioner to "abandon" certain arguments).

A decision in *Campbell 1* will help guide the decision here, so it makes sense to put this case in abeyance until then. *Campbell 1* involves an emergency order that the Secretary issued under Section 202(c) of the Federal Power Act. In that order, the Secretary found that an emergency exists in portions of the electricity grid "due to a shortage of electric energy, a shortage of facilities for the generation of electricity, and other causes." Campbell 1 at 1. Those conditions are like the emergency conditions the Secretary found (and independently supported) in the Eddystone 1 and 2 orders. Like in *Campbell* 1, Petitioners challenging Eddystone 1 and 2 question the scope of the Secretary's emergency authority under the Federal

Power Act and the justifications necessary to exercise it—similar to questions that the *Campbell 1* panel is currently weighing and deciding. The *Campbell 1* case and these consolidated cases both involve the Secretary's authority to determine when an emergency exists and the response that best meets the emergency—issues of extraordinary importance for preventing blackouts throughout the Nation.

Judicial economy thus supports holding these cases in abeyance until the mandate issues in *Campbell 1*. The decision in *Campbell 1* will inform Respondents' brief, and potentially the outcome, in this case and so it makes sense to hold these cases in abeyance until then.

## CONCLUSION

For the foregoing reasons, the Court should hold the above-captioned consolidated cases (Nos. 25-1193, 25-1194, 25-1287, 25-1288) in abeyance pending issuance of the mandate in *Campbell 1*.

Respectfully submitted,

/s/ *Rebecca Jaffe*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
KYLE GLYNN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

May 21, 2026
90-13-5-18008

# CERTIFICATE OF COMPLIANCE

1.　This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 1,306 words.

2.　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Rebecca Jaffe*
REBECCA JAFFE
Counsel for Federal Respondents